## FORM FOR USE IN APPLICATIONS

## FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

_James Edward Gary Jr._

Name

RECEIVED

2007 DEC 11 A 9:26

_A. I. S 222516_

Prison Number

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

_Donaldson Correctional Facility, 100 Warrior Lane, Bessemer_

_AL 35023_

Place of Confinement

United States District Court _Middle District_ District of _____

Case No. _3:07-CV-1074-WKW_

(To be supplied by Clerk of U. S. District Court)

_James Edward Gary Jr_ , PETITIONER

(Full Name)   (Include name under which you were convicted)

_Kenny Jones_ , RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _Alabama_

_____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>Lee County Alabama Circuit Court</u>

2. Date of judgment of conviction <u>August, 4, 2005</u>

3. Length of sentence <u>Life without</u> Sentencing Judge <u>John V. Denson II</u>

4. Nature of offense or offenses for which you were convicted: _Capitol_
_Murder_ _____

5. What was your plea?  (check one)
   (a) Not guilty  (✓)
   (b) Guilty      ( )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty
   plea to another count or indictment, give details: _____
   _____
   _____

6. Kind of trial:     (Check one)
   (a) Jury (✓)
   (b) Judge only  ( )

7. Did you testify at the trial?  Yes ( )    No (✓)

8. Did you appeal from the judgment of conviction?    Yes (✓)    No ( )

9. If you did appeal, answer the following:
   (a) Name of court _Alabama Court of Criminal Appeals_
   (b) Result _Affirmed Conviction_
   (c) Date of result _April 20, 2007_
   If you filed a second appeal or filed a petition for certeorari in the Supreme
   Court, give details: _Filed for Writ of Certiorari to the Alabama_
   _Supreme Court in which Certiorari was denied on July 13,_
   _2007_

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal?    Yes ( )    No (✓)

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _____

        (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____

        (4) Did you receive an evidentiary hearing on your petition, application
            or motion?    Yes ( )    No ( )
        (5) Result _____
        (6) Date of result _____

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _____
   (2) Nature of proceeding _____
   _____

   (3) Grounds raised _____
   _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No ( )
   (5) Result _____
   (6) Date of result _____
(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____
   (2) Nature of proceeding _____
   _____

   (3) Grounds raised _____
   _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )    No ( )
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.            Yes ( )    No ( )
   (2) Second petition, etc.         Yes ( )    No ( )
   (3) Third petition, etc.          Yes ( )    No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Petitioner was denied his Constitutional Right to Assistance of An Attorney while being interrogated

Supporting FACTS   (tell your story briefly without citing cases or law):

Gary argues that he repeatedly Asserted his right to Counsel during the interrogation and the interrogating officer's disregarded his repeated Assertions and Continued the interrogation and obtained incriminating Statements.

See Attached Brief

B. Ground two: Petitioner's Conviction was obtained by a Violation of the Privilege against Self-incrimination.

Supporting FACTS   (tell your story briefly without citing cases or law):

Gary argues that the State violated his right against Self-incrimination when the interrogating officer's Continued interrogating him in Custody without Counsel present after he invoked his right to Counsel and obtained incriminating Statements that were admitted into evidence and used against Gary to obtain a Conviction.

C. Ground three: _____

Supporting FACTS   (tell your story briefly without citing cases or law):

D.  Ground four: _____

_____

Supporting FACTS   (tell your story briefly without citing cases or law): .

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented
in any other court, state or federal state briefly what grounds were not so
presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court, wither state
or federal, as to the judgment under attack?    Yes ( )  No (✓)

15. Give the name and address, if known, of each attorney who represented
you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____

(b) At arraignment and plea Richard K. Kieth 22 Scott St, Montgomery
AL, 36104; Daniel G. Hamm 560 S. McDonough St, Ste-A. Montgomery AL 36104
(c) At trial Richard K. Kieth & Daniel G. Hamm _____

(d) At sentencing Richard K. Kieth & Daniel G. Hamm _____

(e) On appeal Richard K. Kieth & Daniel G. Hamm _____

(f) In any post-conviction proceeding _Richard K. Kieth & Daniel G. Hamm_

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
_Richard K. Kieth & Daniel G. Hamm_

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )   No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes (✓)   No ( )

    (a) If so, give name and location of court which imposed sentence to be served in the future: _Russell County Circuit Court in Phenix City Alabama_

    (b) And give date and length of sentence to be served in the future: _____
_March, 2002    30 Year Sentence._

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )   No (✓)

    Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_No Attorney_
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.   Executed on _November 29, 2007_.
                                      (date)

_____
Signature of Petitioner

JAMES EDWARD GARY, JR.                )

      APPELLANT/DEFENDANT,          )    Case # CC-2002-492

VS.                                   )    3:07-Cv-1074-WKW

STATE OF ALABAMA,                     )

      APPELLEE/RESPONDENT.          )

     COMES NOW THE PETITIONER, JAMES EDWARD GARY, JR., RESPECTFUL-

LY MOVES THIS HONORABLE COURT TO GRANT HIS PITITION AND SET

ASIDE THE STATE OF ALABAMA COURTS AFFIRMANCE OF THE APPELLANT'S

CONVICTION AND REMAND HIS CASE TO THE TRIAL COURT WITH INSTRUCT-

IONS DIRECTING THE TRIAL COURT TO SUPPRESS HIS STATEMENTS FROM

                             Evidence
BEING ADMISSIBLE AS ~~EWVIDENCE~~.

GARY ARGUES THAT THE STATE COURTS DECISION IS IDENTICAL
TO THE STATE COURTS DECISION IN HART V. ATTORNEY GENERAL. WHERE
IN HART THE STATE COURTS DECISION THAT HARTS STATEMENT MADE
DURING CUSTODIAL INTERROGATION WAS ADMISSIBLE WHEN HE DID NOT
MAKE AN UNEQUIVOCAL REQUEST FOR COUNSEL WAS CONTRARY TO CLEARLY
ESTABLISHED FEDERAL LAW BECAUSE THEY FAILED TO DETERMINE WHETHER
HART'S WAIVER WAS VOLUNTARY, KNOWING AND INTELLIGENT PURSUANT
TO MIRANDA. SEE HART V. ATTORNEY GENERAL, 323 F.3d 884(11th
Cir. 2003).

PRIOR TO GARY'S TRIAL GARY MOVE TO SUPPRESS HIS INCRIMINAT-
ING STATEMENTS BECAUSE HE CONTENDS THAT HE REQUESTED AN ATTORNEY
DURING THE CUSTODIAL INTERROGATION. LEE COUNTY CIRCUIT COURT
RELIED ON DAVIS V. U.S., TO DENY GARY'S MOTION TO SUPPRESS.
SEE Exhibit A. AS EVIDENCE BY THE TRANSCRIPT. LEE COUNTY CIRCUIT
COURT CONCLUDED THAT PETITIONER'S STATEMENT MADE DURING THE
CUSTODIAL INTERROGATION WAS ADMISSIBLE WHEN HE DID NOT MAKE
AN UNEQUIVOCAL REQUEST FOR COUNSEL WAS CONTRARY TO CLEARLY ESTA-
BLISHED FEDERAL LAW. SEE HART V. ATTORNEY GENERAL. LEE COUNTY
CIRCUIT COURT CONVICTED PETITIONER IN WHICH THE PETITIONER APPEAL-
ED THE CONVICTION TO THE ALABAMA COURT OF CRIMINAL APPEALS.
THE ALABAMA COURT OF CRIMINAL APPEALS AFFIRMED THE LEE COUNTY
CIRCUIT COURTS CONVICTION. PETITIONER THEN FILED APPLICATION
FOR REHEARING ON MAY 11, 2007. THE ALABAMA COURT OF CRIMINAL
APPEALS OVERRRULED THE APPLICATION FOR REHEARING ON MAY 18,
2007. PETITIONER THEN FILED FOR WRIT OF CERTIORARI TO THE ALABAMA
SUPREME COURT IN WHICH CERTIORARI WAS DENIED ON JULY 13, 2007.

NEITHER DID THE CIRCUIT COURT NOR THE APPEAL COURTS DETERMINE WHETHER GARY IN FACT MADE A VOLUNTARY, KNOWING AND INTELLIGENT WAIVER PURSUANT TO <u>MIRANDA</u>. PETITIONER NOW FILES WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2254.

3

<u>GROUND A</u>

<u>WHETHER GARY INVOKED HIS RIGHT TO COUNSEL DURING CUSTODIAL
INTERROGATION?</u>

MIRANDA WARNING STATES! "YOU HAVE A RIGHT TO REMAIN SILENT.

ANYTHING YOU SAY CAN BE USED AGAINST YOU IN COURT. YOU HAVE

A RIGHT TO A LAWYER FOR ADVICE BEFORE WE ASK ANY QUESTIONS AND

TO HAVE HIM WITH YOU DURING QUESTIONING. IF YOU CANNOT AFFORD

A LAWYER ONE WILL BE APPOINTED FOR YOU BEFORE ANY QUESTIONING

IF YOU WISH. IF YOU DECIDE TO ANSWER QUESTIONS NOW WITHOUT A

LAWYER PRESENT YOU WILL STILL HAVE THE RIGHT TO STOP ANSWERING

AT ANY TIME. YOU ALSO HAVE THE RIGHT TO STOP ANSWERING AT ANY

TIME UNTIL YOU TALK TO A LAWYER."

PETITIONER ARGUES THAT HE ~~REPEATEDLY~~ Repeatedly EXPRESSED HIS DESIRE

FOR THE ASSISTANCE OF ATTORNEY AFTER HE SIGNED THE MIRANDA WAIVER

SEE EXHIBITS. <u>D.D1.D2.D3.D4</u>. AS EVIDENCE BY THE TRANSCRIPT.

PETITIONER ARGUES THAT HIS MOTION TO SUPPRESS HIS STATEMENTS

WAS DENIED BASED UPON AN "OPINION" THAT HE MADE AN EQUIVOCAL

REQUEST FOR COUNSEL. THERE ARE TWO DIFFERENT INTERPRETATIONS

OF WHAT WAS SUPPOSEDLY SAID BY GARY ON THE VIDEOTAPE. SEE EXHIBIT

<u>D.D1.D2.D3</u>. AS EVIDENCE BY THE TRANSCRIPT. THERE ARE TWO DIF-

FERENT INTERPRETATION BECAUSE IT WAS UNDISPUTED THAT GARY'S

CONVERSATIONS ON THE VIDEOTAPE WAS DIFFICULT TO HEAR. SEE <u>EXHIBIT</u>

<u>E</u>. AS EVIDENCE BY THE TRANSCRIPT. STATES PROSECUTOR MR. GLANZER

EXPLAINED IN HIS OWN WORDS THAT GARY'S CONVERSATION ON THE VIDEO-

TAPE WAS MORE DIFFICULT TO HEAR THAN THE INTERVIEWER AND WHY.

IF GARY'S CONVERSATION ON THE VIDEOTAPE IS DIFFICULT TO HEAR

THEN HOW COULD THE PROSECUTOR SAY IF GARY MADE AN EQUIVOCAL

REQUEST FOR COUNSEL OR NOT? NO ONE WAS SURE IF GARY

SAID I OR Y'ALL WHEN HE MADE HIS ASSERTION FOR COUNSEL, BUT

IT IS A FACT THAT EVERYONE HAD DETERMINED THAT GARY DID SAY

SOMETHING ABOUT TALKING TO HIS LAWYER. THE TRIAL COURT DID NOT

SET OUT IT'S FINDINGS OF FACT PERTAINING TO THEIR DECISION THAT

GARY MADE AN EQUIVOCAL REQUEST FOR COUNSEL. SEE EXHIBIT N.

IT WAS UNDISPUTED THAT GARY'S CONVERSATION ON THE VIDEOTAPE

WAS DIFFICULT TO HEAR. SO NOW THERE IS TWO DIFFERENT INTERPRETA-

TIONS OF WHAT WAS ONLY THOUGHT TO HAVE BEEN SAID BY GARY ON

A VIDEOTAPE THAT'S DIFFICULT TO HEAR.

GARY ARGUES THAT ALTHOUGH HE DID SAY "I WANT" TO TALK TO

MY LAWYER, THE STATE'S INTERPRETATION OF WHAT WAS REPEATEDLY

SAID BY GARY ON THE VIDEOTAPE IS STILL SUFFICIENTLY CLEAR ENOUGH

FOR ANY "RESONABLE" OFFICER TO INTERPRET AS BEING AT THE LEAST

AN EXPRESSION OF A DESIRE FOR THE ASSISTANCE OF AN ATTORNEY.

THE UNITED STATES SUPREME COURT HAS HELD THAT WHEN A PERSON

UNDERGOING A CUSTODIAL INTERROGATION "INDICATES IN ANY MANNER

AT ANY TIME PRIOR TO OR DURING QUESTIONING THAT HE WISHES TO

REMAIN SILENT, THE INTERROGATION MUST CEASE." MIRANDA V. ARIZONA,

384 U.S. 436, 473 (1966). THE SUPREME COURT FURTHER Expanded

AND DELINEATED MIRANDA BY REQUIRING THAT A SUSPECT MUST UNAMBIGU-

OUSLY REQUEST COUNSEL. DAVIS V. U.S., 512 U.S. 452. THE TERM

UNAMBIGUOUSLY DOES NOT REQUIRE A SUSPECT TO USE ANY PARTICULAR

WORD ORDER OR CHOICE TO EFFECTIVELY MAKE A REQUEST FOR COUNSEL.

THE COURT IN DAVIS STATED: "ALTHOUGH THE SUSPECT NEED NOT SPEAK

WITH DISCRIMINATION OF AN "OXFORD DON" HE MUST ARTICULATE HIS

DESIRE TO HAVE COUNSEL PRESENT SUFFICIENTLY CLEARLY THAT A REASON-

5

ABLE OFFICER IN THE CIRCUMSTANCES WOULD UNDERSTAND THE STATEMENT
TO BE A REQUEST FOR AN ATTORNEY. WHILE OFFICERS HAVE NO OBLIGA-
TION TO STOP QUESTIONING IF THE SUSPECTS STATEMENT IS AMBIGUOUS
OR EQUIVOCAL. THE SUSPECT ASSERTIONS IN A REQUEST FOR COUNSEL
MUST BE "AT A MINIMUM SOME STATEMENT" THAT CAN BE REASONABLY
CONSTRUED TO BE AN "EXPRESSION OF A DESIRE" FOR THE ASSISTANCE
OF AN ATTORNEY. MCNEIL V. WISCONSIN, 501 U.S. 171, 178 (1991).
      THE TERM UNAMBIGUOUSLY DOES NOT REQUIRE A SUSPECT TO USE
ANY PARTICULAR WORD ORDER SUCH AS "I" OR "Y'ALL" TO EFFECTIVELY
MAKE A REQUEST FOR COUNSEL. THE UNITED STATES SUPREME COURT
HAS HELD THAT THE SUSPECT NEED NOT SPEAK WITH DISCRIMINATION
OF AN OXFORD DON. THE SUSPECT ASSERTION IN A REQUEST FOR COUNSEL
MUST BE "SOME STATEMENT" THAT CAN BE "REASONABLY INTERPRETATED."
THE DEFINITION OF REASONBLE SIMPLY STATES: 1.  HAVING SOUND
JUDGMENT, 2. WISE, 3A. NOT EXCESSIVE OR EXPENSIVE, B. TOLERABLE."
GARY ARGUES THAT ANY "REASONABLE" OFFICER WOULD BE ABLE TO INTER-
PRET HIS REPEATED STATEMENT. GARY CONTENDS THAT HE NEVER MADE
A STATEMENT TO SGT. JACKSON ABOUT CONTINUING THAT INTERROGATION
AND HE NEVER SAID "NO" I DON'T WANT A LAWYER OR "I THINK"
I WANT A LAWYER AS HELD IN DAVIS V. U.S., GARY REPEATEDLY MADE
CLEAR FIRM STATEMENTS TO SGT. JACKSON ABOUT WANTING TO TALK
TO HIS LAWYER IN WHICH AT ONE POINT SGT. JACKSON RESPONDED "AL-
RIGHT WELL YOU JUST SIT HERE MAN IT'S GONNA BE A WHILE." CLEARLY
SHOWING THAT HE DID UNDERSTAND THAT GARY WAS EXPRESSING HIS
DESIRE FOR THE ASSISTANCE OF AN ATTORNEY. AT THAT POINT THE
INTERROGATION SHOULD HAVE BEEN CEASED. SGT. JACKSON MADE NO

6

MOVE TO TERMINATE HIS ENCOUNTER WITH GARY, INSTEAD SGT. JACKSON

TOOK IT UPON HIMSELF TO DISHONOR GARY'S REQUEST AND INITIATED

FURTHER CONVERSATION WITH GARY WHEN HE TOLD GARY THAT HE WOULD

LIKE TO SHOW HIM SOMETHING. SEE EXHIBITS D1, D2. AS EVIDENCE

BY THE TRANSCRIPT.

IF SUSPECT INVOKED HIS RIGHT TO REMAIN SILENT AND POLICE

INTERVIEWING SUSPECT FAILED TO SCRUPULOUSLY HONOR THAT RIGHT

SUSPECTS CONFESSION MUST BE SUPPRESSED IN A SUBSEQUENT CRIMINAL

PROSECUTION. U.S. V. RAMBO, 365 F.3d at 907.

AN ACCUSED HAVING EXPRESSED HIS DESIRE TO DEAL WITH THE

POLICE ONLY THROUGH COUNSEL IS NOT SUBJECT TO FURTHER INTERROGA-

TION BY THE AUTHORITIES UNTIL COUNSEL HAS BEEN MADE AVAILABLE

TO HIM. AVALID WAIVER OF THAT RIGHT CANNOT BE ESTABLISHED BY

SHOWING ONLY THAT HE RESPONDED TO FURTHER POLICE---INITIATED

CUSTODIAL INTERROGATION, EVEN IF HE HAS BEEN ADVISED OF HIS

RIGHTS. EDWARDS V. ARIZONA, 451 U.S. at 484, 68 L.Ed 2d 378,

101 S.Ct.(pg. 644) 1880.

MIRANDA WARNING IN ITSELF STATES: IF YOU DECIDE TO ANSWER

QUESTIONS NOW WITHOUT A LAWYER PRESENT (MEANING IF THE ACCUSED

SIGNS THE WAIVER) YOU WILL STILL HAVE THE RIGHT TO STOP ANSWERING

AT ANY TIME. YOU ALSO HAVE THE RIGHT TO STOP ANSWERING AT ANYTIME

UNTIL YOU TALK TO A LAWYER (MEANING AFTER THE ACCUSED SIGNS

THE WAIVER, THE ACCUSED STILL HAVE THE RIGHT  TO REQUEST COUNSEL

AND CEASE THE INTERROGATION AT ANYTIME DURING THAT INTERROGATION

UNTIL COUNSEL IS MADE AVAILABLE TO HIM IN ORDER TO PROTECT HIS

RIGHT AGAINST SELF-INCRIMINATION).

7

A SUSPECT MAY WAIVER HIS OR HER RIGHT TO HAVE COUNSEL PRE-

SENT DURING CUSTODIAL INTERROGATION AND ONCE A VALID WAIVER

OF THAT RIGHT IS GIVEN THE POLICE ARE FREE TO INTERROGATE THE

SUSPECT "UNTIL" SUCH TIME AS "HE OF SHE" MAY SUBSEQUENTLY "ASSERT

THE RIGHT TO COUNSEL." ONCE A SUSPECT INVOKES THE RIGHT TO COUN-

SEL AND THE POLICE INITIATE FURTHER CUSTODIAL INTERROGATION

WITHOUT COUNSEL PRESENT THE SUSPECTS SUBSEQUENT STATEMENTS MADE

WITHOUT HAVING HAD ACCESS TO COUNSEL "DO NOT" AMOUNT TO A VALID

WAIVER AND HENCE ARE INADMISSIBLE. <u>SOFFAR V. JOHNSON</u>, 237 F.3d AT 413.

## CONCLUSION

IN THE VERY BEGINNING OF THE INTERROGATION GARY SIGNED
THE MIRANDA WAIVER WHICH AT THAT PARTICULAR TIME MADE HIS WAIVER
VOLUNTARY, BUT LATER ON DURING THAT SAME INTERROGATION AFTER
GARY HAD SIGNED THE MIRANDA WAIVER GARY "REPEATEDLY" EXPRESSED
HIS DESIRE FOR THE ASSISTANCE OF AN ATTORNEY SUFFICIENTLY CLEAR
ENOUGH FOR SGT. JACKSON● AND ANY REASONABLE OFFICER TO UNDERSTAND
WHICH MADE GARY'S WAIVER INVOLUNTARY.

## RELIEF SOUGHT

   ALL INCRIMINATING STATEMENTS MADE BY GARY AFTER HE ASSERTED
HIS RIGHT TO COUNSEL AND WAS DENIED THAT RIGHT ARE DUE TO BE
SUPPRESSED AND THE CONVICTION RESULTING FROM THOSE INCRIMINATING
STATEMENTS VACATED.

James E. Davy
100 Warrior Lane
Bessemer, AL 35023    C-25



The Clerk of the United States District Court
P.O Box 711
Montgomery, Alabama 36101

Exibits

Exibit-A

58

THE COURT:  Okay.  I haven't seen your copy.

MR. HAMM:  If we could provide that prior to the Court making a decision?

THE COURT:  All right.

MR. KEITH:  We've got one, Judge, I've just written on mine as well for today's hearing.  We can get one here pretty quick.

THE COURT:  I'll follow along with the State's. You want me to sit over here and watch this, is that what you intend to do?

MR. GLANZER:  When we get to that point.  We might add too that as far as the law that might assist the Court in reviewing the tape, our contention is that at one time obviously Miranda was controlling, strict Miranda, and if there's any reference to a lawyer that usually triggered the, I guess the right to an attorney.  That later progressed to if it was an equivocal statement where the law enforcement officer couldn't tell whether he was invoking or not, there became a requirement to pursue what he meant by that last statement.  The Davis case which the State is relying on in this has progressed that one step further and said if it's equivocal then unless it's clear to law enforcement based on their experience and

Pg. 2. of Brief

Exibit D

33

| | |
|---|---|
| | mean, do you know what I am saying, that's just -- that's it. That's what it is. That is what it is. So if this is why y'all got me shackled up -- |
| VAN JACKSON: | Yep. Because today is the day. |
| JAMES GARY: | Today is the day for what? |
| VAN JACKSON: | Where you are going to have to face the music. What I'm telling you right now is that this thing is going the distance today. It's going the distance. It's over with. And my only hope is that you are going to tell the truth. |
| JAMES GARY: | Well, only hope. Y'all are saying y'all got me on this, I might as well stop talking now and y'all talk to my lawyer because I'm telling you, man, I ain't had no dealings with that man in no kind of way as far as he got me out on bond and worried the shit out of me about that money, man. As far as that, that's it. That's it. do you know what I am saying, if you know what I'm saying, you saying you gonna put |

484

Exibit D1

34

|   |   |   |
|---|---|---|
| 1 | | something like that on me, then you might as |
| 2 | | well talk to my lawyer then, and it's just that |
| 3 | | because it ain't me, bro.  Now, I promise you |
| 4 | | and that's the honest to God truth, and I'll put |
| 5 | | that on my momma, and she's been dead |
| 6 | | thirteen years. |
| 7 | VAN JACKSON: | All right.  Well, you just sit here, man.  It's |
| 8 | | gonna be a while.  Like I said, it's gonna be a |
| 9 | | while.  But you know, I would like to show |
| 10 | | you something. |
| 11 | JAMES GARY: | Show me.  Show me.  I would like to see. |
| 12 | VAN JACKSON: | Well, you know, I hate for somebody to make |
| 13 | | a decision to not tell the truth and that they |
| 14 | | suffer for the rest of their life, and it's a big |
| 15 | | decision.  That's a big choice. |
| 16 | JAMES GARY: | Man, you can talk to my lawyer, man. |
| 17 | | Because I'm telling you I ain't got nothing to |
| 18 | | do with no shit like that, man.  That's on |
| 19 | | everything, man.  Everything.  My children. |
| 20 | | Everything, man.  I ain't got shit to do with no |

bit shoot some dice you know what I'm saying but as far as that I ain't gonna do nothing like that man. That's the honest to God truth man. I'm telling you that's the truth I mean you know what I'm saying that's just that's it that what it is. So if this is why ya'll got me shackled up?

Jackson:     Yep cause today is the day.

Gary:        Today is the day for what?

Jackson:     When you gonna have to face the music. What I'm telling you right now is that this thing is going to go the distance today. Its going the distance its over with and my only hope is that you are going to tell the truth.

Gary:        Well only hope is ya'll saying if ya'll got me on this **I might as well stop talking now and ya'll talk to my lawyer** cause I'm telling you man I ain't had no dealings with that man in no kinda way as far as he got me out on bond and worried the shit out of me about that money man as far as that that's it. That's it you know what I'm saying. If you know what I'm saying, **you saying you gonna put something like that on me then I want to talk to my lawyer then and its just that cause** it ain't me bro now I promise you and that's the honest to God truth and I'll put that on my mama and she's been dead 13 years.

Jackson:     Alright. **Well you just sit here man its gonna be a while like I said its gonna be a while** _____

Gary:        Show…show… I would like to see it.

19
222

Exibit D-3

| Jackson: | Well you know I hate to see somebody make the decision to not tell the truth and that they suffer for the rest of their life and it's a big decision. That a big choice. |
|---|---|

Gary:   **I want to talk to my lawyer man** cause I'm telling you I didn't do know shit like that man. That's on everything man. Everything. My children everything man. I ain't got shit to do with no shit like that. I do my thing true enough but I ain't fixin to do nothing like that I ain't fixin to go no distance you know what I'm saying to do nothing. Now this you know what I'm saying its obvious everybody know its there its out there in the open. I got to go to Court for it now but as that is as far as I'm gonna go. Far as you talking about killing somebody ain't no way in the world I'll kill nobody, specially no children and I know for a fact I ain't killed no children. You keep hollering about two people got killed, that man and that child, that's them two people. But ya'll ain't fixing to put that on me cause I know I been in jail.

Jackson:   Oh no. We're not trying to put that on you. Like I told you that case right there we know you didn't have nothing to do with that.

Gary:   Well what you talking about two people murdered?

Jackson:   This happened to two people that's in Opelika and this was before this happened with this little kid and this man. That's what we talking about.

Gary:   I'm telling you I ain't been to Opelika man. I ain't been to Opelika for nothing.

Jackson:   Do you want me to tell you?

Exibit D-4

38

1    other than that, talk to my lawyer. I would like

2    to see it, though.

3                        (Pause was had.)

4                        (Jackson left and entered.)

5    VAN JACKSON:    Now, this isn't it. This isn't everything, but

6    I'm going to collect this stuff right here

7    because what we're talking about is so serious

8    that I think that you really need to think about,

9    you know, what we are talking about and

10   reading the paper or trying to take your mind

11   away from it, this is -- this is about you. This

12   is about the future for you, and you need to

13   think about what I'm talking to you about.

14   That's one thing, but I'm still getting you

15   another thing that's going to, you know, show

16   you how important this is.

17                        (VAN JACKSON LEFT.)

18                        (MR. TAYLOR ENTERED THE

19                        ROOM.)

20   HEATH TAYLOR:    How are you doing?

Exibit-E.

54

talk to my lawyer. There is another statement
that was made where the State insists that he
says y'all can talk to my lawyer. We think it's
quite clear from the tape where it says I want
to talk to my lawyer. So there are a couple of
discrepancies, Judge, on the critical statements
and there are a number of different
transcriptions of the other non-critical
portions of the suppression that we really
weren't too concerned about but on the critical
parts those were ---

THE COURT: Yeah, two in particular were pointed
out by the State.

MR. GLANZER: Judge, if I could, it's probably
something we ought to resolve before we get into
it, we believe it would be helpful for the Court
to follow along with the transcript as it goes.
The way the room is set up the actual camera and
microphone are in a thermostat within this room,
and that thermostat is on the far wall from the
Defendant. So his conversations, although
pretty well clear are more difficult to hear
than the interviewer who is closer to the
camera. And in situations like that in front of
juries normally what the State would do would be
prepare the transcript, hand it out to the jury

Exibit, N

y'all talk to my lawyer because I'm telling you,
man, I ain't had no dealings with that man in no
kind of way as far as he got me out on bond and
worried the shit out of me about that money, man.

(R. 484, law enforcement transcription, and R. 944, Transcript
of Suppression Hearing.)

The second statement whose language is not disputed but
whose meaning is at issue is as follows:

"Jackson:   Well I'm telling you man.   We been
working on it and uh we were trying to provide you
an opportunity to tell your side and uh that's why
I wanted to talk to you, to give you that
opportunity and uh you know if you want to continue
to and these boys are putting everything on you and
if you continue to not tell the truth about what
happened then I want you to know exactly what your
up against cause everybody is saying you did it.
Other people out there that don't know you was
saying you was with them and uh....

"Gary:   Uh, show me what you got to show me, other
than that, talk to my lawyer.   I would like to see
it, though."

(R. 488-89, law enforcement transcription, and R. 948,
Transcript of Suppression Hearing.)

The record shows that the trial court viewed the
videotaped statement. Pursuant to the ore tenus rule, it was
up to the trial court to resolve the alleged discrepancies
between what the parties said was the specific language used
in the disputed statements. Although the trial court did not
specifically set out his findings of fact, for reasons
discussed below, the court had to have found that Gary said
"y'all talk to my lawyer" instead of "I want to talk to my
lawyer," as Gary, in his motion to suppress, contended was
actually said. Based on our review of the evidence, we cannot
say that the trial court's determination was clearly
erroneous, without supporting evidence, manifestly unjust, or
against the great weight of the evidence.

6

Pg. 5 of Brief