IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| JAMES EDWARD GARY, JR., #222 516 | * | |
| Petitioner, | * | |
| v. | * | 3:07-CV-1074-WKW (WO) |
| KENNY JONES, WARDEN *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

Respondents filed an answer on January 28, 2008 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. *(Doc. No. 9.)* They contend therein that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief. A claim which is properly adjudicated on the merits by the state courts does not provide a basis for federal habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404-405 (2000).

In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams*, 529 U.S. at 404-405. "Under §

2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before February 19, 2008 Petitioner may file a response in

accordance with this order.  Any pleadings, documents or evidence filed after this date will

not be considered by the court except in exceptional circumstances. Petitioner is advised that

at any time after February 19, 2008 the court shall "determine whether an evidentiary hearing

is required.  If it appears that an evidentiary hearing is not required, the [court] shall make

such disposition of the petition as justice shall require."  Rule 8(a), *Rules Governing Section*

*2254 Cases in the United States District Courts*.

Petitioner is instructed that when filing his response, he may file sworn affidavits or

other documents in support of his claims.  Affidavits should set forth specific facts which

demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus

petition.  If documents which have not previously been filed with the court are referred to in

the affidavits, sworn or certified copies of those papers must be attached to the affidavits or

served with them.  When Petitioner attacks Respondents' answer by use of affidavits or other

documents, the court will, at the appropriate time, consider whether to expand the record to

include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States*

*District Courts*.

DONE, this 29th day of January 2008.

       /s/ Susan Russ Walker
      SUSAN RUSS WALKER
      UNITED STATES MAGISTRATE JUDGE