In the District court of the United States

For the Middle District of Alabama

Eastern Division

RECEIVED
2008 FEB 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

James Edward Gary, Jr,

Petitioner,

vs.

Kenny Jones, Warden, et al

Respondents.

Civil Action: 3:07-CV-1074-WKW

Evidentiary Hearing Requested

## Memorandum of Law / Argument
### Petitioner's Traverse To Respondent's Answer

Now comes the petitioner "James E. Gary Jr." and files this his 'Memorandum and Argument In Support of His Traverse To Respondent's Answer' and in support of same will show unto this honorable Court the following to wit:

Questions Presented:

1. Whether State Courts' Ruling Is "Contrary To" Clearly Established Federal Law?
2. Whether petitioner Is Entitled To An Evidentiary Hearing On His Colorable Constitutional Claim?
3. Whether State Court Applied An unreasonable Determination of The Facts?

### Argument

The petitioner argues that the United States Supreme Court has given guidance in <u>Davis v. U.S.</u>, 512 U.S. 452 which held: "Although the suspect need not speak with discrimination of an 'Oxford Don' he must articulate his desire to have Counsel present sufficiently clearly that a reasonable person

(1)

in the circumstances would understand the statement to be a request for an attorney. While officers have no obligation to stop questioning if the suspects statement is ambiguous or equivocal. the suspect assertions in a request for counsel must be "at a minimum some statement" that can be reasonably construed to be an "expression of a desire" for the assistance of an attorney. the petitioner argues further that, his repeated statements; "If you're saying you gonna put something like that on Me, then you might as well talk to my lawyer then" was unequivocal.

A. Because Petitioner's statements were unequivocal the State's Ruling Is Contrary To Clearly Established Federal Law.

U.S. v. Rambo, 365 F.3d at 907 If suspect invoked his right to remain silent and police interviewing suspect failed to scrupulously honor that right suspects confession must be suppressed in a subsequent criminal prosecution.

Edwards v. Arizona, 451 U.S. at 484, 68 L.ed 2d 378, 101 S.ct (pg 644)1880. an accused having expressed his desire to deal with the police only through counsel is not subject to further interrogation by the authorities until counsel has been made available to him. a valid waiver of that right cannot be established by showing only that he responded to further police...initiated custodial interrogation, even if he has been advised of his rights.

Craig v. Singletary, 80 F.3d 1509 at 1511-1512 (11th Cir. 1997) The 11th Circuit held: Statement that did not contain the words "I want" to be unequivocal for the purposes of requesting counsel under Davis.

Smith v. Illinois 469 US 91, 83 L.ed 2d 488, 105 S.ct. 490 Decision: —

(2)

Accused's responses to continued police questioning held not to render accused's initial request for Counsel ambiguous under rule that all questioning must cease after an accused requests Counsel. Cited in Soffar v. Johnson, 237 F.3d 411 (5th Cir. 2000).

## Because Petitioner's Constitutional Claims Have Merit An Evidentiary Hearing should Be Conducted.

"A petitioner on federal habeas corpus is entitled to an evidentiary hearing where petitioner establishes a "Colorable" claim for relief, and where the petitioner has never been accorded a state or federal hearing on his claim. Earp v. Ornoski, 431 F.3d 1158, 1167 (9th Cir. 2005). Citing Townsend v. Sain, 372 US 293 (1963) and Keeney v. Tamayo-Reyes, 504 US 1, 5 (1992). In stating a Colorable claim, a petitioner is merely required to allege specific facts which, if true, would entitle him to relief.

## Because the Record shows that the petitioner Repeated His Request To Have officers Talk To His Lawyer the State Made An unreasonable determination of the Facts.

Williams v. Taylor, 529 U.S. 362, 405 (2000) "A state-Court decision that Correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's Case Certainly would qualify as a decision involving an unreasonable application of... clearly established federal law.

Williams, 529 U.S. 362, 407-408. "A state Court decision will also be "Contrary to" "clearly established precedent if the state Court Confronts a set of Facts that are Materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

## Conclusion

Wherefore, petitioner prays this honorable Court set this contested matter for an evidentiary hearing and appoint counsel to represent him.

Respectfully Submitted,

_James E. Gary_

James Edward Gary Jr. # 222516

100 Warrior Lane

Bessemer, Ala. 35023-7294

## Certificate of Service

This is to certify that I have on this the 14th day of February 2008 served a copy of the foregoing documents upon the respondents by placing same in the United States Mail, First Class postage affixed and properly addressed as follows:

cc: Office of the Attorney General
    11 South Union Street
    Montgomery, Ala. 36130-0152

_James E. Gary_

James Edward Gary Jr.



222516

Jarvis Lane
[...], AL 35023

"This correspondence is [...]
Alabama State Prison. The [...]
been evaluated, and the [...]
ent of Corrections is not resp[onsible]
ubstance or content of the enclosed
ication."

W. E. Donaldson Correctional Facility

Office of The Clerk
United States District Court
P.O Box 711
Montgomery, AL. 36101-0711