IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

JAMES EDWARD GARY, JR.
    PETITIONER, 2008 MAR 12 A 9:56

                                     CIVIL ACTION:

VS              DEBRA P. HACKETT, CLK    #307-CV-1074-WKW
               U.S. DISTRICT COURT
               MIDDLE DISTRICT ALA  EVIDENTIARY HEARING REQUESTED

WARDEN: GARY HETZEL, et al,
    RESPONDENTS.


PETITIONER'S REQUEST TO AMEND THE PENDING
HABEAS PETITION BEFORE THIS COURT WITH
ADDITIONAL ARGUMENTS OF FEDERAL HABEAS
CORPUS PETITION
_____


COMES NOW THE PETITIONER JAMES EDWARD GARY JR., AND MOVES THIS HONORABLE COURT TO ALLOW THE PRO-SE PETITIONER THE OPPORTUNITY TO ADD TO EXHAUSTED CLAIMS TO THE PLEA OF RELIEF MADE BEFORE THIS COURT BY PETITIONER'S MOTION; AND AS SUPPORT PETITIONER SHOW:

(1)

PETITIONER'S CLAIMS HERETO INCLUDE THE FOLLOWING FACTS, TO PETITIONER'S HABEAS CORPUS PETITION.

STATE COURTS DECISION THAT PETITIONER'S VIDEO TAPED Incriminating ~~INCRIMINATING~~ STATEMENTS WAS ADMISSIBLE SINCE HIS REQUESTS FOR COUNSEL WAS NOT UNEQUIVOCAL BECAUSE HE ~~CONSTANTLY~~ Consistently TOLD INVESTIGATOR JACKSON "TALK TO MY LAWYER" AS OPPOSED TO "I WANT TO TALK TO TO MY LAWYER". WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AND AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW. PETITIONER CONTENDS THAT THE STATE COURTS FAILED TO IDENTIFY THE CORRECT LEGAL RULE.

Petitioner contends that the 11th Circuit held statements that did not contain the words "I want" to be unequivocal for the purposes of requesting counsel under Davis. The statement "well if you have that against me, you might as well get me a lawyer." The statement "well if you have that against me, you might as well get me a lawyer." was held an unequivocal request for counsel under Davis. Craig v. Singletary, 80 F.3d 1509 at 1511-1512 (11th Cir. 1997).

Petitioner contends that the test under Davis is whether a reasonable officer in the circumstances would understand the suspects statement to be a request for an attorney. Petitioner's statement "well only hope is, ya'll saying ya'll got me on this, I might as well stop talking now and ya'll talk to my lawyer, if you know what I'm saying, you're saying you're gonna put something like that on me, then you might as well talk to my lawyer then and it's just ▓▓▓ that cause it aint me bro." was made in the same response. see Exhibits D & D-1. Petitioner contends that although not spoken with discrimination of an Oxford don the above two statements constituted an unequivocal request for counsel, because the above two statements were sufficiently clearly enough for Sgt. Jackson to understand the statements to be requests for counsel and to remain silent in which Sgt. Jackson responded "Alright, well you just sit here man it's gonna be a while." see Exhibit D-1. This is clear evidence that show that Sgt. Jackson fully understood Gary's request.

Petitioner contends that his request above did meet the requisite level of clarity that was required to cease the interrogation and Sgt. Jackson fully understood the request but intentionally ignored them the same as the officer Clawson in Soffar v. Johnson, 237 supra at 457.
"...The denial of the defendant's request for his attorney thus undermined his ability to exercise the privilege to remain silent if he chose or to speak without any intimidation, blatant or subtle..." Miranda at 444.

PETITIONER ARGUES THAT THE STATE COURT APPLIED AN UNREASONABLE DETERMINATION OF THE FACTS BECAUSE IT WAS CLEARLY SHOWN from THE TRANSCRIPTS THAT There WERE TWO DIFFERENT INTERPRETATIONS OF HOW GARY EXPRESSED HIS DESIRE FOR THE ASSISTANCE OF COUNSEL DRAWN FROM A VIDEO TAPE THAT WAS UNDISPUTEDLY DIFFICULT TO HEAR INWHICH "BOTH PARTIES" INTERPRETED THE EXACT SAME INTERPRETATION THAT SGT. JACKSON RESPONDED" ALRIGHT. WELL YOU JUST SIT HERE MAN IT'S GONNA BE A WHILE." To GARY's request, THE STATE COURT GAVE NO DEFFERENCE TO SGT. JACKSON'S RESPONSE TO GARY'S REQUEST. SGT. JACKSON'S RESPONSE "ALRIGHT, WELL YOU JUST SIT HERE MAN IT'S GONNA BE A WHILE." WAS MADE AFTER THE SIGNING OF GARY'S MIRANDA WAIVER WHICH MADE HIS VOLUNTARY WAIVER INVALID.

THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION "GUARANTEES" THAT NO PERSON SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF. PETITIONER ARGUES THAT HIS INCRIMINATING STATEMENTS WERE ILLEGALY OBTAINED AND SHOULD HAVE BEEN SUPPRESSED. PETITIONER CONTENDS THAT THOSE INCRIMINATING STATEMENTS WERE THE "ONLY" MEANS OF HIS CONVICTION.

## CONCLUSION AND RELIEF SOUGHT

MY SIGNATURE BELOW IS SIGNED UNDER PENALTY OF PERJURY, AND THE INFORMATION ABOVE IS TRUE AND CORRECT TO THE BEST OF PETITIONER'S KNOWLEDGE, BELIEF, AND INFORMATION. THE MATTERS PRESENTED ABOVE AND FORGOING ARE SUCH THAT THE SAME GAVE RISE TO THE DIMENSIONS OF CONSTITUTIONAL VIOLATION, WHICH MAY HAVE RESULTED IN PETITIONER'S CONVICTION AND SENTENCE OF IMPRISONMENT WITHOUT DUE PROCESS OF LAW. FOR THOSE REASONS BUT NOT SOLELY LIMITED TO THE SAME, PETITIONER PLEADS TO BE PERMITTED TO AMEND HIS FEDERAL HABEAS PETITION WITH THE ABOVE ARGUMENTS.

RESPECTFULLY SUBMITTED,

*James E Gary*
JAMES EDWARD GARY, JR. #222516
100 WARRIOR LANE
BESSEMER, ALABAMA 35023-7299

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS THE 10th DAY OF March 2008 I SERVED A COPY OF THE FORGOING REQUEST TO AMEND HABEAS PETITION WITH ADDITIONAL ARGUMENTS TO EXHAUSTED CLAIMS OF RELIEF TO RESPONDENT'S COUNSEL BY UNITED STATE MAIL SERVICE, POSTAGE PREPAID AND PROPERLY ADDRESSED AS FOLLOWS:

CC: OFFICE OF ATTORNEY GENERAL
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA 36130-0152

_____
JAMES EDWARD GARY, JR.

James E. Gary - 222516
100 Warrior Lane
Bessemer, AL 35023-7294

Clerk\ United States District Court
P.O Box 711
Montgomery, AL. 36101-0711